**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

| | |
|---|---|
| **CHRISTOPHER DECOTEAU,** ) | **4:14CV3166** |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **MEMORANDUM** |
| ) | **AND ORDER** |
| **MICHAEL KENNEY,** ) | |
| ) | |
| Respondent. ) | |

**I.  INITIAL REVIEW**

This matter is before the Court on initial review of Petitioner Christopher Decoteau's ("Decoteau" or "Petitioner") Petition for Writ of Habeas Corpus.  (Filing No. 6.)  The Court will dismiss Decoteau's petition because it is a second or successive habeas corpus petition that has not been authorized by the Eighth Circuit Court of Appeals.

The statutory prohibition against successive petitions by state prisoners is codified in 28 U.S.C. § 2244(b), which provides in relevant part:

> (b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--
>
> > (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> > (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> > (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable

> factfinder would have found the applicant guilty of the underlying offense.
>
> (3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

In *Magwood v. Patterson*, 561 U.S. 320, 332-33 (2010), the United States Supreme Court held that "the phrase 'second or successive' must be interpreted with respect to the judgment challenged." In other words, the phrase "second or successive" applies to entire habeas petitions, and not to individual claims in those petitions. *Id.*

This Court's records reflect that Decoteau's petition is successive. He challenges his 2003 conviction in the District Court of Lancaster County, Nebraska, for manslaughter, use of a weapon to commit a felony, fleeing to avoid arrest, and possession of a controlled substance. (Filing No. 6 at ECF 1.) Decoteau unsuccessfully challenged this same conviction in earlier federal habeas corpus litigation. (*See Decoteau v. Sabatka-Rine*, Case No. 4:08CV3146 (D. Neb.), Filing No. 14, dismissing petition for writ of habeas corpus with prejudice on October 14, 2008.)

The pending petition is a second or successive petition under the statute because it challenges the same judgment already challenged in this Court. Moreover, the petition does not fit any of the recognized exceptions to the bar on second or successive petitions.[1]

---

[1] The Supreme Court has recognized three exceptions to the Section 2244(b) restrictions on second or successive applications where the prisoner challenged the same state-court judgment once before. First, in *Slack v. McDaniel*, 529 U.S. 473 (2000), the Court held that the restrictions of Section 2244(b) do not apply to a second application that followed an earlier application dismissed for lack of exhaustion. *Magwood*, 130 S.Ct. at 2706-97. Second, in *Stewart v. Martinez–Villareal*, 523 U.S. 637 (1998), it ruled that those restrictions do not prohibit a second application where "the prisoner filed his first habeas application before his execution date was set," claiming incompetency to be executed under *Ford v. Wainwright*, 477 U.S. 399 (1986). *Panetti v. Quarterman*, 551 U.S. 930, 944 (2007). Third, and similarly, the prohibition against an unauthorized second application does not apply where such a *Ford* claim that would have been unripe had the petitioner presented

The record does not reflect that Petitioner has received permission from the Eighth Circuit Court of Appeals to again attack this conviction. If Petitioner wishes to continue to pursue this matter, he should file a motion with the Eighth Circuit Court of Appeals fully addressing the legal requirements for successive habeas petitions set forth in 28 U.S.C. § 2244(b).

## II. CERTIFICATE OF APPEALABILITY

A petitioner cannot appeal an adverse ruling of his petition for writ of habeas corpus under § 2254 unless he is granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A certificate of appealability cannot be granted unless the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. Daniel*, 529 U.S. 473, 484 (2000).

In this case, Decoteau has failed to make a substantial showing of the denial of a constitutional right. The court is not persuaded that the issues raised in the petition are debatable among reasonable jurists, that a court could resolve the issues differently, or that the issues deserve further proceedings. Accordingly, the Court will not issue a certificate of appealability in this case. Accordingly,

---

it in his first application is first filed in a subsequent petition. *Panetti*, 551 U.S. at 944 ("The statutory bar on 'second or successive' applications does not apply to a *Ford* claim brought in an application filed when the claim is first ripe.").

3

IT IS ORDERED:

1. Decoteau's Petition (Filing No. 6) is dismissed without prejudice to reassertion of a subsequent petition upon authorization by the Eighth Circuit Court of Appeals;

2. The Court will not issue a certificate of appealability in this matter; and

3. A separate judgment will be entered in accordance with this Memorandum and Order.

DATED this 10th day of October, 2014.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge